UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK ROBERT BALDWIN,<br><br>    Plaintiff,<br><br>  v.<br><br>DAYANN LIEBMAN, *et al.*,<br><br>    Defendants. | CASE NO. 3:20-cv-05686-BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 16, 2020 |

  Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

  This matter is before the Court on the undersigned's Order to Show Cause or Amend Proposed Complaint. *See* Dkt. 3. Plaintiff, proceeding *pro se*, has not responded to the Court's order, although the deadline to do so was on September 4, 2020. *See id.* Therefore, the undersigned recommends denying plaintiff's *in forma pauperis* application (Dkt. 1) and dismissing this action without prejudice.

///

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Plaintiff seeks to bring claims against various members of the Clerk County court system, a prosecutor, two other attorneys, and his ex-wife. *See* Dkt. 1-1, at 2–3. He alleges a variety of constitutional claims related to proceedings in the Clark County Superior Court. *See generally* Dkt. 1-1.

In the show cause order, the undersigned informed plaintiff that his proposed complaint stated no cognizable claim and was therefore subject to dismissal unless amended. Specifically, the undersigned explained that various state defendants were immune from suit for damages and that plaintiff had not stated claim for injunctive relief against these defendants. Moreover, plaintiff had not plausibly alleged that the private parties he sued were acting under color of state law, and plaintiff relied on a criminal statute that did not provide for a private right of action. *See generally* Dkt. 3.

The undersigned informed plaintiff that the Court would not rule on his IFP application until he provided a proposed complaint that stated a cognizable claim. *See* Dkt. 3, at 5. The undersigned also informed plaintiff that failure to respond to the show cause order would result in a recommendation to dismiss this matter without prejudice for failure to comply with a Court Order. Dkt. 3, at 5.

Plaintiff has taken no action in response to the Court's order to show cause. Therefore, the undersigned recommends that plaintiff's *in forma pauperis* application (Dkt. 1) be **DENIED**, and that this matter should be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
2  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
3  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
4  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 16,**
5  **2020**, as noted in the caption.

6      A copy of the Report and Recommendation shall be sent to plaintiff.

7      Dated this 25th day of September, 2020.

            J. Richard Creatura
            United States Magistrate Judge

REPORT AND RECOMMENDATION - 3